**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATHEW S. ALLEN, | No. 11-16628 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01117-DLB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted August 24, 2012[***]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Gray consented to proceed before a magistrate judge.  See 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mathew S. Allen appeals the district court's order affirming the decision of the administrative law judge (ALJ) denying his application for disability benefits. We review de novo the district court's order affirming the ALJ's denial of benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We may reverse the Commissioner's decision only if it is not supported by substantial evidence or is based on legal error. *Id.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Allen argues that the ALJ erred by rejecting Dr. Baron's medical opinions because they were mixed with opinions that Allen was disabled and that there were no jobs available for him. An impairment is a purely medical condition, but "a disability is an administrative determination of how an impairment . . . affects [the claimant's] ability to engage in gainful activity." *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). A treating physician's opinion on the availability of jobs and whether a claimant is disabled are opinions on issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). A treating source's opinion on issues reserved to the Commissioner can never be entitled to controlling weight or given special significance. SSR 96-5p, 1996 WL 374183 *5.

---

[1]Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

The ALJ correctly rejected Dr. Baron's opinions about the availability of jobs and Allen's disability. *Id.*

Allen contends that the ALJ erred by choosing not to assign controlling weight to Dr. Baron's medical opinions. In order to reject the medical opinion of a treating physician, when that opinion is contradicted, the ALJ must state specific and legitimate reasons supported by substantial evidence in the record. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). "An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041 (internal quotation marks omitted). The ALJ provided specific and legitimate reasons supported by substantial evidence explaining that Dr. Baron based her opinion on Allen's incredible subjective complaints. *Id.*

Allen also argues that the ALJ erred by rejecting Dr. Baron's medical opinion because Mr. Parker, a physician's assistant, provided most of Allen's treatment. If the treating physician's opinion is not given controlling weight, the ALJ must consider the "nature and extent of the treatment relationship." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); 20 C.F.R. 404.1527(c)(2)(ii), 416.927(c)(2)(ii). The ALJ reasoned that since Mr. Parker treated Allen most of the time, Dr. Baron had an insubstantial knowledge of Allen's ailments. Dr.

3

Baron's limited treatment relationship with Allen was a specific and legitimate reason to assign little weight to Dr. Baron's opinion. *Id.*

Allen contends that the ALJ erred by failing to assign controlling weight to Dr. Stoltz's opinion. The ALJ may reject the opinion of an examining physician by providing specific and legitimate reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The ALJ articulated specific and legitimate reasons supported by substantial evidence in the record for choosing not to assign controlling weight to Dr. Stoltz's opinion explaining that it was out of line with the objective evidence and based on false information. *Id.*

Allen claims that the ALJ erred by relying on Allen's lack of mental health treatment as one reason for finding that he did not suffer from a severe mental impairment. Failure to seek treatment is not a substantial basis on which to conclude that a claimant's mental impairment is not severe. *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). The ALJ erred by relying on Allen's minimal treatment history as a reason for finding that he did not suffer from a severe mental impairment. *Id.* However, this error is harmless because substantial evidence supports the ALJ's ultimate determination that Allen does not suffer from

4

a severe mental impairment. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

The Commissioner argues that Allen does not suffer from a severe mental impairment because evidence in the record indicates that his mental impairment can be adequately controlled by medication. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The record shows Allen's mental impairment can be adequately controlled by medication. Therefore, Allen's mental impairment cannot be considered to be severe. *Id.*

Allen argues that the ALJ erred by failing to consider the opinion of Dr. Ikawa, a State agency psychological consultant, that Allen is moderately limited in activities of daily living and has moderate difficulties in maintaining concentration, persistence, or pace. A moderate limitation in activities of daily living and in maintaining concentration, persistence, or pace tends to show the presence of a severe mental impairment. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). An ALJ is not bound by the findings and other opinions of State agency psychological consultants. 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). The ALJ found evidence in the record indicating that Allen's mental impairment was not severe.

The ALJ was not bound by Dr. Ikawa's opinion and therefore did not err in rejecting it. *Id.*

Allen argues that the ALJ erred by rejecting Dr. Michiel's opinion. The ALJ may reject the opinion of an examining physician by providing specific and legitimate reasons supported by substantial evidence in the record. *Lester*, 81 F.3d at 830-31. The ALJ articulated specific and legitimate reasons supported by substantial evidence in the record for choosing not to assign controlling weight to Dr. Michiel's opinion reasoning that it was based on Allen's incredible subjective complaints. *Tommasetti*, 533 F.3d at 1041.

Finally, Allen argues that the ALJ erred by failing to consider the California workers' compensation ratings assessed by Dr. Whyman which indicated the presence of a severe mental impairment. The California Guidelines for Work Capacity are not conclusive in a Social Security case. *Macri v. Chater*, 93 F.3d 540, 543-44 (9th Cir. 1996). The ALJ considered Dr. Whyman's entire report, not just the portion containing the workers' compensation ratings. The report as a whole indicated that Allen suffered from a mental impairment but that the impairment was not severe. The ALJ did not err by failing to consider the California workers' compensation ratings. *Id.*

**AFFIRMED.**

6